UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| In Re: | |
|---|---|
| JOHN EDWARD MCKNIGHT III<br>Debtor(s)<br><br>NEWREZ LLC D/B/A SHELLPOINT<br>MORTGAGE SERVICING<br>Movant<br>v.<br><br>JOHN EDWARD MCKNIGHT III<br>Debtor(s)<br><br>JENNIFER WALTZ<br>Co-Debtor<br>SCOTT F. WATERMAN<br>Trustee<br>Respondent(s) | Chapter: 13<br><br>Bankruptcy Case: 22-13410-amc<br><br>Judge: CHAN, ASHELY M. |

### CONSENT ORDER/STIPULATION
### SETTLING MOTION TO EXTEND 30 DAY STAY

AND NOW, upon the Motion to Extend the 30-Day Automatic Stay filed by Debtor, John Edward McKnight, III (hereinafter, "Debtor"), and a response thereto filed by NewRez LLC d/b/a Shellpoint Mortgage Servicing and any and all successors and assignee's (hereinafter referred to as "Creditor"), through its Counsel, Stern & Eisenberg PC, under 11 U.S.C. § 362(d) and §1301 for relief from the automatic stay as to Debtor's real property located at *40 N Bonsall Ave., Glenolden, PA 19036* (hereinafter, the "Property"), and the parties agreeing to the entry of the Order settling the Motion to Extend 30 Day Stay and for cause shown, it is hereby ORDERED AND DECREED as follows:

1. Debtor shall be barred from filing any future bankruptcy cases for a period of 365 days after this case is dismissed, either individually or jointly, without first seeking court approval.

2. Further, Debtor agrees to timely remit their monthly post-petition mortgage payments.

3. Payment(s) due in accordance with this Consent Order/Stipulation shall be due on or before the 1st of each month.

4. Debtor shall also make all regular monthly payments required to the Trustee.

5. All payments due to Creditor from Debtor are to be made directly to Creditor pursuant to the applicable Proof of Claim or Transfer of Claim, making sure that Debtor's loan number appears on all payments.

6. In the event Debtor fails to make any of the payments set forth hereinabove (or payments for real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtor and Debtor's counsel notice of the default.

7. If any such default is not cured within ten (10) days of said notice of the default, upon certification to the court of such default, and request for Order, with a copy to Debtor and Debtor's counsel,

Creditor shall immediately have relief from the bankruptcy stay.

8. Debtor shall pay all attorney's fees and costs for each Notice of Default issued by Creditor as a result of Debtor's failure to make payments in accordance with this Order.

9. The failure by Creditor, at any time, to file a Certification of Default upon default by Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

10. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

11. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date that the case is converted. If Debtor fails to make payment in accordance with this paragraph then Creditor, through Counsel, may file a certification setting forth said failure and Creditor shall be granted immediate relief from the automatic stay.

12. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived. In the event an order granting relief is entered then the requirements of 3002.1 shall NOT apply to Creditor.

13. Facsimile signatures shall be as valid as original signatures and this Consent Order/Stipulation may be signed in counterparts.

By signing this Stipulation/Consent Order, Debtor's Counsel represents that Debtor is familiar with and understand the terms of the Stipulation/Consent Order and agree to said terms regardless of whether Debtor has actually signed said stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Daniel P. Jones
Daniel P. Jones
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Email: djones@sterneisenberg.com
Counsel for Creditor
Date: January 12, 2023

Michael A. Cataldo
1628 JFK Boulevard
Suite 1901
Philadelphia, PA 19102
mcataldo@gsbblaw.com
Counsel for Debtor(s)
Date: 1-19-23

/s/ Ann Swartz
Scott F. Waterman
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
ECFMail@ReadingCh13.com
Chapter13 Trustee
Date:_____

John McKnight